**UNITED STATES, Appellee,**

v.

**Gregory C. ANDERSON, Specialist Four, U.S. Army, Appellant.**

No. 56,624.

CM 449042.

U.S. Court of Military Appeals.

Dec. 21, 1987.

---

For Appellant: *Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain Keith W. Sickendick* (on brief); *Colonel Brooks B. La Grua, Major Joel D. Miller, Major Jerry W. Peace.*

For Appellee: *Colonel Norman G. Cooper, Major Byron J. Braun, Captain Eva M. Novak* (on brief); *Lieutenant Colonel Gary F. Roberson* and *Captain Denise K. Vowell.*

PER CURIAM:

A military judge sitting as a general court-martial at Fort McPherson, Georgia, convicted Anderson, pursuant to his pleas, of willfully suffering military property to be damaged beyond repair (hereafter referred to as willful destruction of military

property), drunk driving with injuries, and involuntary manslaughter, in violation of Articles 108, 111, and 119 of the Uniform Code of Military Justice, 10 U.S.C. §§ 908, 911, and 919, respectively. These findings and the sentence to a dishonorable discharge, confinement for 3 years, total forfeitures, and reduction to Private E-1 were approved by the convening authority and affirmed by the Court of Military Review in a short-form opinion. This Court granted review of three issues.*

## I

■ The conviction for willful destruction of military property concerned damage beyond repair to an Army truck which appellant was driving in a convoy and which veered off the road and struck a disabled civilian vehicle. Willful destruction of military property requires a specific intent. From its earliest days this Court has recognized that intoxication may be of a kind and extent likely to affect the accused's ability to entertain a specific intent. *See, e.g., United States v. Backley,* 2 U.S.C. M.A. 496, 9 C.M.R. 126 (1953); *United States v. Roman,* 1 U.S.C.M.A. 244, 2 C.M.R. 150 (1952). However, voluntary intoxication does not always signify that an accused lacked specific intent. Therefore, even though Anderson admitted that he had been driving while drunk, the military judge was not required to reject his pleas of guilty to the willful-destruction charge.

■ The problem is that a specific intent to drive a vehicle while drunk does not equate to the specific intent to damage or destroy said vehicle. Indeed, all the circumstances reflected in the record of trial suggest that, although appellant was negligent in driving in a convoy while drunk, he never intended to have an accident or otherwise damage the Army truck. *Cf. United States v. Hendley,* 17 C.M.R. 761 (A.F. B.R.1954). Indeed, under the circumstances of this case, if Anderson had intended to collide with the other vehicle, he might well have been guilty of murder—rather than involuntary manslaughter. However, appellant's admissions during the providence inquiry clearly would support a finding that he was guilty of the lesser-included offense of negligent destruction of military property.

## II

■ The drunk driving was alleged to have resulted in injury to appellant and his assistant driver, Sergeant Franklin Pickett. The involuntary manslaughter was predicated on allegations of culpable negligence "by operating a military vehicle, a three-quarter ton truck, without proper rest and while under the influence of alcohol and causing said vehicle to strike and kill Mrs. Vernell Victoria Shead." In light of these allegations, we conclude that the drunk-driving charge is not included within the involuntary-manslaughter charge, so it need not be dismissed. *Cf. United States v. Zayas,* 24 M.J. 132 (C.M.A.1987); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983); *United States v. Jordan,* 17 M.J. 528 (A.C. M.R.1983).

## III

■ After the recommendations of the staff judge advocate were served on trial defense counsel pursuant to R.C.M. 1106(f), Manual for Courts-Martial, United States, 1984, defense counsel submitted a petition for clemency to the convening authority. Thereupon, the staff judge advocate filed a

---

\* 

I

WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING AS PROVIDENT APPELLANT'S PLEA OF GUILTY TO WILLFUL DESTRUCTION OF GOVERNMENT PROPERTY (CHARGE II).

II

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO FIND CHARGES III (DRUNK DRIVING) AND IV (INVOLUN-

TARY MANSLAUGHTER) MULTIPLICIOUS FOR FINDINGS.

III

WHETHER THE GOVERNMENT'S FAILURE TO SERVE TRIAL DEFENSE COUNSEL WITH THE ADDENDUM TO THE STAFF JUDGE ADVOCATE'S POST–TRIAL RECOMMENDATION, WHICH CONTAINS NEW AGGRAVATING MATTER, ENTITLES APPELLANT TO A NEW REVIEW AND ACTION.

supplemental recommendation in which he adhered to his initial recommendation that the convening authority approve the sentence imposed by the military judge. However, the staff judge advocate also noted for the first time that Anderson's misconduct "gave rise to a 5 million dollar claim against the United States." There is no indication that the supplemental recommendation containing this new matter was ever served on trial defense counsel.

In *United States v. Narine,* 14 M.J. 55 (C.M.A.1982), this Court held that an addendum to the post-trial review which contains new matter must be served on the defense counsel, so that he may have an opportunity to comment thereon. This decision is now embodied in R.C.M. 1106(f)(7). The reference by the staff judge advocate to the large civil claim against the United States was not so trivial that it can be disregarded as a nonprejudicial violation of R.C.M. 1106(f)(7). A new recommendation should be prepared by the staff judge advocate, after which the defense should have an opportunity to comment thereon.

### IV

The specification of Charge II is amended by striking the word "willfully" and substituting the words "through neglect." The decision of the United States Army Court of Military Review is affirmed as to Charges II (as amended), III, and IV, and is set aside as to the sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to an officer exercising general court-martial jurisdiction for a new recommendation, and after an opportunity for defense counsel to comment thereon, a convening authority's action; thereafter, Article 66, UCMJ, 10 U.S.C. § 866, applies.

SULLIVAN, Judge (concurring in part and dissenting in part):

Appellant pleaded guilty to *willfully suffering an Army truck to be damaged,* in violation of Article 108(3), UCMJ, 10 U.S.C. § 908(3). This codal provision states:

§ 908. Art. 108. Military property of United States—Loss, damage, destruction, or wrongful disposition

Any person subject to this chapter who, without proper authority—

(1) sells or otherwise disposes of;

(2) willfully or through neglect damages, destroys, or loses; or

(3) *willfully* or through neglect *suffers to be* lost, damaged, destroyed, sold, or wrongfully disposed of;

any military property of the United States, shall be punished as a court-martial may direct.

(Emphasis added.) Accordingly, the specific intent to damage is not technically an issue in this case.

The military judge also questioned appellant concerning his specific intent to suffer damage as required by the above codal provision:

MJ: Do you admit that the damage was suffered by you, the accused, without property [sic] authority through an act upon your part?

AC: Yes, sir.

MJ: Do you admit that your act was willful?

AC: Yes, sir.

MJ: And do you admit that the damage amounted to about $11,000.00?

AC: Yes, sir.

MJ: Again, I'd like for you to fully understand this, that the term "suffered" means to allow or permit. Do you understand that?

AC: Yes, sir, I do.

MJ: It's the Government's theory, apparently, that since you did not have proper rest before going on your duties, and since you did consume a large amount of alcohol, that this was a willful act on your part. Do you understand that?

AC: Yes, sir.

MJ: Is that the Government's theory, Captain Hernicz?

TC: Also, Your Honor, under the Manual provision that any individual who knowingly violates any law or regulation

and thereby damages government property has done so intentionally, and that the accused, when he got in his vehicle knowing he was under the influence of alcohol, and that it was illegal to drive under the influence, intentionally violated that Manual provision and thereby was intentionally damaging government property through his actions.

The majority opinion has offered no precedent or rationale for rejecting this theory of guilt. *See* Part IV, para. 32*c* (2), Manual for Courts-Martial, United States, 1984; J. Snedeker, *Military Justice Under the Uniform Code* 836–37 (1953); *see also United States v. Tilley*, 25 M.J. 20, 22 (C.M.A.1987). Accordingly, I dissent from Part I of the majority opinion.