438

UNITED STATES, Appellee,

v.

Dexter JONES, Aviation Maintenance
Administrationman Airman Recruit,
U.S. Navy, Appellant.

Nos. 67,792.

NMCM 91–0219.

U.S. Court of Military Appeals.

Argued Dec. 1, 1992.

Decided April 19, 1993.

For Appellant: *Lieutenant Karen M. Miller*, JAGC, USNR (argued); *Lieutenant James R. Crisfield*, JAGC, USNR (on brief); *Lieutenant Commander Richard D. Zeigler*, JAGC, USNR.

For Appellee: *Captain A. Diaz*, USMC (argued); *Colonel T.G. Hess*, USMC (on brief); *Lieutenant K.S. Anderson*, JAGC, USNR.

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The approved sentence provides for a bad-conduct discharge, confinement for 140 days, and forfeiture of $250.00 pay per month for 4 months. The Court of Military Review affirmed without opinion on January 23, 199[2].

We granted review of the following issue:

WHETHER THE CONVENING AUTHORITY'S ACTION IS PROPER WHERE THE CONVENING AUTHORITY ACTS PURSUANT TO A STAFF JUDGE ADVOCATE'S RECOMMENDATION THAT CONTAINS INACCURATE INFORMATION AS TO AN ACCUSED'S SERVICE.

In his post-trial recommendation to the convening authority, the staff judge advocate stated appellant's length of service as 6 years, 2 months, and 28 days. The staff judge advocate also represented that appellant had received nonjudicial punishments on three occasions: April 28, May 1, and September 27, 1989. The Government concedes that the length of his naval service was over 11 years and that appellant had received nonjudicial punishment only twice: on April 28, 1989, for being drunk and disorderly, in violation of Article 134, UCMJ, 10 USC § 934; and on September 27, 1989, for wrongfully using cocaine, in violation of Article 112a. Answer to Final Brief at 2–3 nn. 3 and 4. The post-trial recommendation correctly reflected that appellant had a previous conviction by special court-martial for violation of Article 112a.

In accordance with RCM 1106(f), Manual for Courts–Martial, United States, 1984, the post-trial recommendation was served on appellant and on his counsel. Appellant's counsel declined to comment on the post-trial recommendation. However, appellant returned his receipt for his copy of the post-trial recommendation with handwritten notations asserting: "My length of service not counting marine corp [sic] should read over eleven years vice six years" and "I did not have non-judicial punishment for any offense 28 April 1989."

Appellant's handwritten comments were submitted to the convening authority. On the same page as appellant's comments, a typed statement from a yeoman, whose duties are not identified, was added which read as follows:

> On 14 January 1991 at 0825, I had a phone conversation with Mr. Bob Bruster from Personnel Support Detachment Charleston, in reference to AZAR Dexter Jones' service record. There is a NAVPERS 1070/613 reflecting CO's NJP dated 28 April 1989 and AZAR Jones' Active Duty Service Date is 28 March 1984.

The staff judge advocate did not comment on the accuracy of appellant's assertion or the yeoman's typewritten notation. In his action the convening authority recited that he considered "[t]he accused's letter dated 7 January 1991 indicating factual errors in the Staff Judge Advocate's Recommendation."

Before this Court appellant contends that he was prejudiced by the staff judge advocate's misstatements regarding his service record. In oral argument counsel for appellant contended that the notation by the yeoman was new matter which should have been served on appellant and that the effect of submitting the yeoman's notation along with appellant's assertion was to portray appellant as untruthful about his service record. The Government concedes that the staff judge advocate's recitation of appellant's service record was incorrect but argues that the error was harmless.

We agree with appellant that the yeoman's notation regarding records on file at the Charleston Personnel Support Center was new matter and should have been served on appellant. RCM 1106(f)(7); *United States v. Norment,* 34 MJ 224 (CMA 1992). Since the staff judge advocate did not comment on the conflict between appellant's assertions and the yeoman's notation, we cannot discern whether the convening authority regarded appellant's assertions as correct, incorrect, or deceitful.

Appellant's "best hope for sentence relief" was with the convening authority. *United States v. Bono,* 26 MJ 240, 243 n. 3 (CMA 1988). Appellant's "best hope" was thwarted in this case by a careless staff judge advocate, a neglectful defense counsel who failed to point out the staff judge advocate's misstatements, and a yeoman-interloper who branded appellant a liar without giving appellant a chance to respond. We find it difficult to brush aside these multiple omissions as harmless.

As we noted in *United States v. Siders,* 15 MJ 272, 274 n. 3 (1983), "We are not so divorced from reality [as] to believe that, in view of the offenses involved and the past record of the accused, [the convening authority] will necessarily grant some form of clemency." Nevertheless, we believe that an accused is entitled to comment on a notation from a yeoman of unknown authority who asserts that the accused's representations about his service record are untrue.

We will not speculate on what the convening authority would have done if he had been presented with an accurate record. There is a significant difference between an accused with 11 years of service and 2 nonjudicial punishments and an accused who may have lied about his service record and has only 6 years of service and 3 nonjudicial punishments. As we said in *United States v. Craig,* 28 MJ 321, 325 (CMA 1989), "Speculation concerning the consideration of such matters simply cannot be tolerated in this important area of command prerogative."

The decision of the United States Navy–Marine Corps Court of Military Review and the convening authority's action are set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a new convening authority for a new staff judge advocate's recommendation and a convening authority's action in compliance with RCM 1106.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.