**UNITED STATES**

v.

**Michael T. YATES, 460–77–7788, Electronics Technician Third Class (E–4), U.S. Navy.**

**NMCM 93 00076.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 2 Nov. 1992.

Decided 14 Jan. 1994.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LT Alan D. Titus, JAGC, USNR, Appellate Defense Counsel.

CDR Philip D. Cave, JAGC, USN, Appellate Defense Counsel.

Capt Brett D. Barkey, USMCR, Appellate Government Counsel.

CDR G.M. Felder, JAGC, USNR, Appellate Government Counsel.

Capt A. Diaz, USMCR, Appellate Government Counsel.

Before EDWIN W. WELCH, JAMES E. ORR and P.J. McLAUGHLIN, JJ.

ORR, Senior Judge:

The Government concedes that certain information provided to the convening authority by her staff judge advocate (SJA) in a memorandum, dated 11 December 1992, 5 days before the submission of the formal post-trial recommendation, and addressing the merits of the appellant's request for clemency, contained adverse matter within the meaning of Rule for Courts–Martial (R.C.M.) 1107(b)(3)(B). That Rule states in pertinent part:

> Before taking action the convening authority may consider … (iii) Such other matters as the convening authority deems appropriate. However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut.

The appellant was not notified that such information was submitted to the convening authority and was not given the opportunity to rebut the information. The Government argues, however, that we should test this error for prejudice, citing *United States v. Godfrey*, 36 M.J. 629 (A.C.M.R.1992), by requiring the appellant to state what he would have submitted if he had been given the opportunity to respond.

The nature of the adverse matter in this case involved the appellant's attempt to negotiate a pretrial agreement for no confinement conditioned upon his cooperation with the Naval Investigative Service (NIS) as a potential cooperating witness in transactions the

appellant would attempt to set up with known drug dealers. The SJA stated that NIS had "attempted to work with ... [the appellant] for approximately one month ..., [but the appellant] would not even return the NIS agent's calls." SJA memo of 11 December 1992. The SJA also stated that as a result of the appellant's failure to respond to NIS's calls, the appellant's "offered pretrial agreement did not materialize." *Id.* The record of trial, nevertheless, reflects the existence of a pretrial agreement that contains no such condition and which is on terms less favorable to the appellant than what the SJA indicated were the terms of the earlier offer. Appellate Exhibits I and II.

It is unclear from the SJA's comments whether any agreement actually existed when NIS attempted to contact the appellant. It is also unclear whether the appellant ever knew NIS had attempted to contact him or how such contact was attempted. We can only speculate as to what explanation, if any, the appellant might have had for not responding, and if he had an explanation, we are even more uncertain what the convening authority would have thought of that explanation in making her decision whether to approve the sentence as adjudged or exercise clemency.

In certain situations concerning the failure to provide an accused with his own copy of the SJA's post-trial recommendation, we have tested for prejudice and required an appellant to at least indicate that he would have submitted something, if given the opportunity, before we returned a record of trial to the convening authority for corrective action. *See United States v. Watkins*, 35 M.J. 709 (N.M.C.M.R.1992); *United States v. Skaar*, 20 M.J. 836 (N.M.C.M.R.1985) (en banc). It does not appear, however, that the recommendations in those cases included any matter outside either the record of trial or the accused's own personnel records. Certainly none of those cases dealt with adverse matter under R.C.M. 1107(b). We are also reluctant to apply such a requirement on an accused when an SJA communicates such adverse matter to the convening authority outside the framework provided in the Manual for Courts–Martial.

In *Godfrey,* our Army brethren held that the communication in issue in that case, an addendum to the SJA's initial post-trial recommendation, did *not* raise new matter under R.C.M. 1106(f)(1) and that the SJA was not required to serve the addendum on the defense counsel for comment. 36 M.J. at 630–31. Consequently, their conclusion that, if the addendum had included new matter, they would test the failure to serve the defense counsel for prejudice, 36 M.J. at 631–34, has little value as precedent, and we are not persuaded that it should be followed in this case.

Even if we applied the factors suggested in *Skaar,* 20 M.J. at 839, and quoted in *Godfrey,* we fail to see how we can assess the character of the potential actual harm to the appellant given the nature of the new adverse matter and the disparity between the sentence limitation initially proposed and that ultimately adjudged. Would the convening authority have been inclined to reduce the appellant's sentence to confinement if the appellant had offered a plausible reason for his failure to respond to the NIS agent's efforts to contact him? We can not answer that question on the record before us, and even if we required the appellant to produce what he would have said, we could not substitute our judgment for that of the convening authority on matters of clemency. *United States v. Craig,* 28 M.J. 321 (C.M.A.1989); *United States v. Hill,* 27 M.J. 293 (C.M.A. 1988); *United States v. Healy,* 26 M.J. 394 (C.M.A.1988); *United States v. Siders,* 15 M.J. 272 (C.M.A.1983); *United States v. Lowry,* 33 M.J. 1035 (N.M.C.M.R.1991).

Accordingly, the action of the convening authority, dated 4 January 1993, is set aside. The record of trial will be returned to the Judge Advocate General for compliance with R.C.M. 1107(b)(3)(B)(iii) in regard to the staff judge advocate's memorandum of 11 December 1992 and a new action by the same or a different convening authority in accordance with Article 66(c)–(e), Uniform Code of Military Justice, 10 U.S.C. § 866(c)–(e).

Senior Judge WELCH and Judge McLAUGHLIN, concur.