OPINION OF THE COURT
GRAVELLE, Senior Judge:
In accordance with his pleas, the appellant was convicted of absence without leave, wrongful use of cocaine, and three specifications of larceny in violation of Articles 86, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, and 921 (1988) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced him to a bad-conduct discharge, confinement for thirty months, forfeiture of $500.00 pay per month for thirty months, and reduction to Private El. The convening authority approved the adjudged sentence.
The appellant asserts several errors, only one of which requires discussion at this time. He asserts that the staff judge advocate inserted “new matter” into the addendum to his post-trial recommendation without giving the defense counsel an opportunity to comment in violation of Rule for Courts-Martial 1106(f)(7) [hereinafter R.C.M.].
The appellant points out that the staff judge advocate mentioned for the first time in the addendum the appellant’s receipt of three instances of nonjudicial punishment under Article 15, UCMJ.[1] 10 U.S.C.A. § 815. He asserts he is entitled to a new review and action to purge the staff judge advocate’s error.
Government appellate counsel agree that the staff judge advocate erred by including “new matter” without serving the addendum on the defense counsel for comment. Government counsel, however, ask us to treat the error as harmless, citing United States v. Godfrey, 36 M.J. 629 (A.C.M.R.1992).
We agree with the appellant and the government that the staff judge advocate included “new matter” in the addendum to his post-trial recommendation and erred by not serving the defense counsel with a copy of the addendum. We do not agree with the government that a harmless error analysis is available to us in this case. We hold that when “new matter” is included in the addendum to the staff judge advocate’s recommendation, the law requires that the defense counsel be served with the addendum and given an opportunity to respond.
In 1982, the United States Court of Military Appeals (now the United States Court of Appeals for the Armed Forces) rejected a test-for-prejudice analysis when “new matter” is included in an addendum to a staff judge advocate’s post-trial recommendation. United States v. Narine, 14 M.J. 55 (C.M.A. 1982). Narine has since been incorporated into the Manual for Courts-Martial, United States, (1994 edition), app. 21, R.C.M. 1106(f)(7) analysis, at A21-78. Rule 1106(f)(7) states in pertinent part that “[w]hen new matter is introduced after counsel for the accused has examined the recommendation ... counsel for the accused must be served with the new matter and given a further opportunity to comment.”
In United States v. Norment, 34 M.J. 224, 227 (C.M.A.1992), the court conceded that certain language in United States v. Anderson, 25 M.J. 342 (C.M.A.1987), “implied that failure to serve an addendum containing new matter might be nonprejudicial” but also acknowledged “the majority’s clear holding to the contrary in Narine.’’ Norment, 34 M.J. at 227. See also United States v. Ortiz, 35 M.J. 391, 392 (C.M.A.1992) (petition granted as to the issue of harmless error, but issue not discussed as case was reversed on other grounds); United States v. *652 Jones, 36 M.J. 438, 439 (C.M.A.1993) (hinting at the possibility of a harmless error analysis, but holding that the “new matter” was harmful).
We believe that the government’s faith in Godfrey is misplaced. In that case, we found that no new matter had been included in the addendum to the post-trial recommendation and no error had occurred. Godfrey, 36 M.J. at 631. Having so found, any discussion of how we treat error was unnecessary. The U.S. Navy-Marine Corps Court of Military Review (now the U.S. Navy-Marine Corps Court of Criminal Appeals) has characterized our test-for-prejudice discussion in Godfrey as dicta. See United States v. Yates, 39 M. J. 737, 738 (N.M.C.M.R.1994). That court’s characterization is accurate.
We believe that the clear holding in Narine, as incorporated into the Rules for Courts-Martial, remains the law in spite of the occasional judicial hints to the contrary. In our opinion, Narine has well served the administration of military justice as good and clear law. Our job is to continue its precedent and not to drop ambiguous signals that we are open for business to judicially manufacture ways around a staff judge advocate’s clear duty to serve “new matter” on the defense counsel. Until the issue is squarely met and decided otherwise by our supervisory court, we will not apply a harmless error analysis. Accord Yates, 39 M.J. at 738.
Even if, arguendo, a harmless error analysis were available to us, we would be reluctant to find the error harmless in this particular case wherein some of the “new matter” adverse to the appellant is from outside the record and has not been verified as accurate within the crucible of the adversary process.[2]
In addition, we should not substitute our judgment for that of the convening authority on matters of clemency. As frequently and correctly pointed out to us by government appellate counsel, this court does not have clemency powers, and we should not presume to speculate whether a particular adverse matter or possible defense rebuttal thereto, if any, would influence the convening authority in his exclusive exercise of clemency powers. See Jones, 36 M.J. at 439 (“Speculation concerning the consideration of such matters simply cannot be tolerated in this important area of command prerogative.” (quoting United States v. Craig, 28 M.J. 321, 325 (C.M.A.1989))); Yates, 39 M.J. at 738.
We will not consider the remaining assignments of error until completion of a new review and action in this case.
The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.
Senior Judge EDWARDS concurs.

. The addendum was written to correct several avoidable errors in the post-trial recommendation that had been pointed out by the defense counsel. These errors indicate a lack of attention to detail by the staff judge advocate. In correcting the errors, the staff judge advocate added the new information about the three impositions of nonjudicial punishment. Only two of the three records of nonjudicial punishment had been admitted as exhibits at the court-martial.

. Given the errors that appeared in the original post-trial recommendation, wisdom dictates that we proceed with caution regarding information about the nature — and even the existence — of the summarized Article 15.