**UNITED STATES**

**v.**

**Thomas J. JORDON, 315–62–4845,**
**Lieutenant Commander**
**(O–4), U.S. Navy.**

**NMCM 95 00272.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 26 July 1994.

Decided 30 Oct. 1996.

LT Kathryn L. Clune, JAGC, USNR, Appellate Defense Counsel.

LT Kevin L. Flynn, JAGC, USNR, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and OLIVER, J.

OLIVER, Judge:

A military judge, serving as a general court-martial, convicted the appellant, pursuant to his pleas, of multiple instances of sodomy, indecent acts, indecent liberties, and solicitation to commit indecent acts with a child under the age of 16, and conduct unbecoming an officer and a gentleman, in viola-

tion of Articles 125, 134, and 133, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 925, 934, 933 (1988), respectively.

From the time his natural daughter was 9 years old until she first reported the abuse at the age of 14, the appellant had engaged in a pattern of sexual activities with her. The military judge sentenced him to 2 years of confinement and a dismissal from the naval service. Immediately after announcing sentence, the military judge made "the strongest possible recommendation to the convening authority that he suspend the dismissal" and "all confinement in excess of one year . . . on the condition that [the appellant] provide full, timely financial support to [his] family." Record at 244. The convening authority approved the sentence as adjudged. The appellant has submitted five assignments of error.[1] Since our resolution of the first requires a new convening authority's action, we need not consider the other assignments of error at this time.

In his first assignment of error, the appellant correctly claims that the staff judge advocate [SJA] denied him the opportunity to respond to the supplemental recommendation to the convening authority.

The military judge announced his sentence on 26 July 1994. The SJA served trial defense counsel with his original 5–page recommendation on 18 October 1994. Trial defense counsel filed two petitions for clemency on 1 and 16 December 1994. The SJA presented the convening authority with a 15–page supplemental recommendation on 25 July 1995.

In addition to the text, this addendum contained numerous enclosures. One of the enclosures was a letter of 24 May 1995 from Major Michael Colby, the Chief of the Rehabilitative Division at the Disciplinary Barracks, Fort Leavenworth, where the appellant was confined. In that letter, Major Colby recommended that the convening authority approve the appellant's adjudged sentence (which he called "quite charitable" and "unusually short"). Major Colby also concluded that the risk that the appellant would commit another such offense was "high." Supplemental Recommendation, enclosure (12), at 3.

Major Colby's opinion in this regard stood in stark contrast to the unrebutted in-court testimony of Dr. Amy Lawson that the appellant was "not . . . a danger" to the victim or anyone else. Record at 213. Trial defense counsel had no opportunity to comment on the SJA's supplemental recommendation before the convening authority took his action, approving the appellant's findings and sentence as adjudged on 26 July 1995.

In *United States v. Narine*, 14 M.J. 55 (C.M.A.1982), the Court held that "where new matter is introduced after defense counsel has examined the review, [*United States v.*] *Goode* [, 1 M.J. 3 (C.M.A.1975) ] requires a further opportunity to comment be given to the defense counsel." *Id.* at 57 (footnote omitted). Rule for Courts–Martial [R.C.M.] 1106(f)(7), Manual for Courts–Martial, United States (1995 ed.) [MCM], is based on this aspect of the *Narine* opinion. *See* R.C.M. 1106(f)(7), Analysis, MCM, at A21–81. This Rule gives the trial defense counsel an opportunity to comment on "new matter" in any supplementary written material the SJA prepares for the convening authority.

---

1. I. THE STAFF JUDGE ADVOCATE DENIED TRIAL DEFENSE COUNSEL THE OPPORTUNITY TO RESPOND TO THE SUPPLEMENTAL RECOMMENDATION TO THE CONVENING AUTHORITY, IN WHICH HE RAISED NEW ADVERSE MATERIAL, BY FAILING TO SERVE TRIAL DEFENSE COUNSEL OR APPELLANT WITH THE SUPPLEMENTAL RECOMMENDATION UNTIL AFTER THE CONVENING AUTHORITY ACTED.

II. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY REVIEW OF HIS COURT–MARTIAL BY EXACTLY ONE YEAR DELAY BETWEEN SENTENCING AND THE CONVENING AUTHORITY'S ACTION.

III. AN UNSUSPENDED DISMISSAL IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES OF THIS CASE.

IV. THE UNSUSPENDED DISMISSAL OF APPELLANT, A RETIREMENT–ELIGIBLE OFFICER, CONSTITUTES AN EXCESSIVE FINE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

V. THE DISMISSAL OF APPELLANT, A RETIREMENT–ELIGIBLE OFFICER, VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION.

■ "New matter" includes, *inter alia,* "matter from outside the record of trial" and "issues not previously discussed" in the original recommendation. R.C.M. 1106(f)(7), Discussion. In this case, the supplemental recommendation contained new information from outside the record of trial, the adverse letter from Major Colby. It also raised new issues not previously discussed, namely, allegations that the appellant posed a continued threat to his daughter and the community at large. The SJA should have served this information on the trial defense counsel to give him the opportunity to comment upon it before the convening authority acted. *See United States v. Leal,* 44 M.J. 235, 237 (1996)(an appellant should be given the opportunity to "deny, counter, or explain" the new adverse information).

As the Government concedes, the SJA's failure to serve the supplemental recommendation on the trial defense counsel until after the convening authority acted was error. *United States v. Norment,* 34 M.J. 224, 226–27 (C.M.A.1992). Having concluded that this failure was error, we must next consider whether the appellant is entitled to relief as a result.

■ The Government argues that we should apply the so-called plain-error doctrine and impose upon the appellant the burden of establishing prejudice. "When ... plain error is asserted, appellant 'bears the burden of persuasion with respect to prejudice.'" *United States v. Pollard,* 38 M.J. 41, 51 (C.M.A.1993)(quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993)). The problem with the Government's argument in this regard is that the trial defense counsel was never given an opportunity to object in time to make a difference. Given trial defense counsel's track record for zealous advocacy on behalf of his client, we have little doubt that he would have objected to the SJA's failure to give him an opportunity to comment. Moreover, we believe he would have provided comments and, perhaps, additional evidence, if given the opportunity. Therefore, the Government's reliance on *Olano*'s plain-error analysis is inapposite.

The recent trend in military jurisprudence is to reject *per se* rules for error. Appellate courts increasingly apply a harmless-error analysis before deciding to grant an appellant relief. *See United States v. Cowan,* 42 M.J. 475, 477–78 (1995). *But see United States v. Moseley,* 35 M.J. 481, 484 (C.M.A.1992)(plurality opinion). In line with this trend, the Court of Appeals for the Armed Forces in *United States v. Jones,* 44 M.J. 242, 243 (1996), recently held that while the SJA "injected new matter in his addendum" and failed to give the trial defense counsel an opportunity to comment in violation of R.C.M. 1106(f)(7), "the error was harmless under the particular circumstances of appellant's case."

This recent holding of our superior Court in *Jones* appears to be in conflict with that Court's earlier decision in *Narine.* In *Narine,* the Court of Military Appeals had rejected a test-for-prejudice analysis and applied a *per se* rule. *Narine* required the record to be returned to the convening authority for a new SJA Recommendation and convening authority action any time the Government failed to provide defense counsel an opportunity to comment on an addendum containing "new matter." 14 M.J. at 57. Indeed, the Court in *Narine* made clear that they considered the nature of the error in that case to be of little consequence: "The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his." *Id.* at 57–58 (quoting *United States v. Roop,* 16 C.M.A. 612, 615, 37 C.M.R. 232, 235, 1967 WL 4228 (1967)). The Court in *Jones* cited *Narine,* albeit solely for the proposition that the "new matter" in that case had been "prejudicial," *i.e.,* "derogatory of or adverse to the accused." 44 M.J. at 244.

We are also aware that this Court, in cases in which "an SJA communicates such adverse matter to the convening authority outside the framework provided in the Manual for Courts–Martial," has heretofore followed *Narine* and not required an appellant to demonstrate any prejudice at all. *United States v. Yates,* 39 M.J. 737, 738 (N.M.C.M.R.1994). Likewise, in *United States v. Harris,* 43 M.J. 652 (Army Ct.Crim.App.1995), the Army

Court recently observed: "*Narine* has well served the administration of military justice as good and clear law." *Id.* at 654. Finding itself in accord with our decision in *Yates,* the Army Court continued: "Until the issue is squarely met and decided otherwise by our supervisory court, we will not apply a harmless error analysis." *Id.* Although not "squarely met," we believe that in its recent decision in *Jones* our supervisory Court effectively overruled the *per se* rule in *Narine.*

Therefore, we will henceforth apply a harmless-error analysis in resolving issues of this kind. In *Jones,* the Court of Appeals for the Armed Forces stated that "the injection of 'new matter' in response to clemency requests [is] presumptively prejudicial ..." which the appellate record could rebut. 44 M.J. at 244. The Court then referred to dictum in its decision in *United States v. Anderson,* 25 M.J. 342, 344 (C.M.A.1987), for the proposition that a violation of R.C.M. 1106(f)(7) "might be 'so trivial' as to be nonprejudicial." 44 M.J. at 244.

The Court's recent holding in *Jones* is that there is a presumption of prejudice when the trial defense counsel is not given an opportunity to comment on "new matter." But the degree of prejudice must be beyond the merely speculative or trivial. And we believe that "[h]armless beyond a reasonable doubt," the appropriate test for some constitutional violations, *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), is too stringent a test for a mere violation of a Rule for Courts–Martial.

At the same time, the appellant has no burden of proving that he was harmed; the Government has the entire burden of rebutting the presumption. But *Jones* also holds that the appellate record may be adequate to rebut the presumption of prejudice and require an appellate court, after applying a harmless-error analysis, to deny relief. 44 M.J. at 244 ("We hold that any presumption of prejudice in this case is rebutted by the appellate record before us." *Id.*)

■ After carefully analyzing the entire record in this case, we believe there is a reasonable possibility that the convening authority might have granted the appellant clemency after considering all the information he should have had before him. Although Major Colby was of the opinion that the appellant represented a "high risk" of repeating his offense and should serve out his full sentence, the testimony at trial to the contrary was compelling and unrebutted. Most importantly, the experienced military judge, who heard all the evidence, made "the strongest possible recommendation to the convening authority" that he grant clemency, including suspension of 1–year of confinement and the dismissal. Record at 244.

We do not know what the appellant's defense counsel would or could have submitted to rebut the damaging information from outside the record of trial. "Regardless, the Government's contention that the defense could not have benefited from an opportunity to respond to the addendum here asks us to hide our judicial heads in the sand." *Norment,* 34 M.J. at 227. The appellant was entitled to present his best, and most informed, case for clemency. In analyzing a similar issue, our supervisory Court recently noted: "The essence of post-trial practice is basic fair play—notice and an opportunity to respond." *Leal,* 44 M.J. at 237.

Although an appellant is not entitled to relief in all cases where the SJA fails to give trial defense counsel an opportunity to comment on new matter under R.C.M. 1106(f)(7), after applying a harmless-error analysis as our superior Court recently did in *Leal* and *Jones,* we conclude that the record fails to rebut the presumption of prejudice. Therefore, the error in this case was not harmless and the appellant is entitled to appropriate relief.

Accordingly, the action of the convening authority, dated 26 July 1995, is set aside. The record of trial will be returned to the Judge Advocate General for compliance with R.C.M. 1106(f)(7) and 1107(b)(3)(B)(iii) in regard to the SJA's memo of 25 July 1995 and a new action by the same or a different convening authority in accordance with Article 66(c), (e), UCMJ, 10 U.S.C. § 866(c), (e).

Senior Judges KEATING and CLARK concur.