# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant ISRAEL GARCIA**
**United States Army, Appellant**

ARMY 20130884

Headquarters, U.S. Army Maneuver Center of Excellence
Jeffery R. Nance, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA.

For Appellee:  Lieutenant Colonel James L. Varley, JA.

19 May 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of attempting to violate a lawful general regulation and one specification of violating a lawful general regulation, in violation of Articles 80 and 92 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 892 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for six months.  The convening authority approved "only so much of the sentence as provides for *reduction to the grade of Private (E-1),* confinement for 5 months, and a Bad-Conduct Discharge . . . ." (emphasis added).*  The convening authority also waived the automatic forfeitures of pay required by Article 58b, UCMJ, for a period of six months, directing the funds to be paid to appellant's spouse.

---

* Pursuant to a pretrial agreement, the convening authority agreed to disapprove any confinement in excess of five months.

This case is before us for review pursuant to Article 66, UCMJ. Appellant submitted a merits pleading to this court and personally raised issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find the issues raised by appellant to be without merit.

Though not raised by appellant or counsel either in the post-trial clemency submission or in an assignment of error to this court, we find the convening authority erroneously approved a sentence that was more harsh than the sentence adjudged at appellant's court-martial. We find this issue warrants discussion and relief.

## LAW AND DISCUSSION

Upon the conclusion of appellant's court-martial, pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1101, a document was generated to report the result of appellant's court-martial. This result of trial annotated the sentence adjudged by the military judge was "*[t]o be reduced to the grade of Private (E-1)*; to be confined for 6 months; and to be discharged from the service with a BCD." (emphasis added). However, the military judge did not sentence appellant to a reduction in grade.

This mistaken augmentation of the adjudged sentence was repeated in the staff judge advocate's recommendation (SJAR) to the convening authority, in the addendum to the SJAR, as well as in the clemency matters submitted by appellant to the convening authority pursuant to R.C.M. 1105.

Convening authorities use SJARs and addenda in deciding what action to take on the findings and sentence of a court-martial. *See* R.C.M. 1106(d); R.C.M. 1107(b). It has been stated on numerous occasions that it is "imperative that the convening authority be provided accurate and complete information in the post-trial recommendation [and] addenda thereto . . . ." *United States v. Godfrey*, 36 M.J. 629, 630 (A.C.M.R. 1992); *see also United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). Because of the incorrect SJAR and addendum to the SJAR, the convening authority incorrectly approved a sentence greater than that which was adjudged. As such, we will correct this error in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED.

The part of the convening authority's action which approves the sentence to reduction to the grade of Private (E-1) is void *ab initio*. Only so much of the sentence as provides for a bad-conduct discharge and confinement for five months is AFFIRMED. All rights, privileges, and property, of which appellant has been

GARCIA—ARMY 20130884

deprived by virtue of that portion of the sentence set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court