# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JONATHAN R. TREMPER**
**United States Army, Appellant**

ARMY 20150357

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Clinton J. Johnson, Military Judge
Colonel David E. Mendelson, Staff Judge Advocate (pre-trial and addendum)
Major Jess R. Rankin, Acting Staff Judge Advocate (recommendation)

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Cormac M. Smith, JA;  Captain Cassandra M. Resposo, JA (on brief).

31 January 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification each of wrongful use of cocaine [Schedule II], wrongful use of Adderall [Schedule II], and wrongful distribution of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  In accordance with the pretrial agreement, the convening authority approved only six months of confinement but otherwise approved the sentence as adjudged.  The military judge and the convening authority credited appellant with thirty days of pretrial confinement credit.

This case is before the court for review pursuant to Article 66(c), UCMJ. Appellant assigns three errors, only one error which warrants discussion, and none of which warrant relief.

## BACKGROUND

Appellant's court-martial concluded on 26 May 2015. Pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1104, the government served appellant with his authenticated record of trial and the Staff Judge Advocate's Recommendation (SJAR) on 16 July 2015. Appellant's counsel submitted matters under R.C.M. 1105 and 1106 (post-trial matters) on 30 September 2015, which consisted of a three-page memorandum from his defense counsel that listed two enclosures. Enclosure 1 was a two-page "Letter from PFC Tremper" dated 28 September 2015. Enclosure 2 consisted of twenty-three pages of appellant's awards, certificates, and commendations, identified as the "Good Soldier Book." Enclosure 2 in the post-trial matters was cumulative with the Good Soldier Book introduced at trial as a defense exhibit in all respects except it included the appellant's oath of office as an enlisted member in the Army. The total page count of appellant's post-trial matters is twenty-nine pages. The convening authority took action on appellant's case on 7 October 2015.

The Staff Judge Advocate's Addendum (Addendum), dated 6 October 2015, listed two enclosures to the document. Enclosure 1 was "Clemency Matters dated DEC 2015 (46 pages)." Additionally the Addendum specifically addressed the timeliness of the post-trial processing of appellant's case. Although there was no claim of dilatory post-trial processing, the Addendum stated that the 120-day standard established by *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), was violated by eleven days. The staff judge advocate (SJA) attributed fifty-four of those days to the defense and found "no issue of dilatory post-trial processing."

On appeal, appellant asserts the SJA's Addendum, which incorrectly lists the page count of appellant's R.C.M. 1105 matters as forty-six pages as opposed to twenty-nine pages, requires the case be returned for a new review and action. Additionally, appellant alleges that the Addendum attributing fifty-four days of processing time to the defense was a new matter that required service and the opportunity to comment prior to action. For reasons we discuss below, we disagree.

## LAW AND DISCUSSION

This court will return a case for a new review and action where the service member has been deprived of a full and fair clemency consideration by a convening authority. *United States v. Travis*, 66 M.J. 301 (C.A.A.F. 2008). Appellant however, has failed to allege any facts on which he is entitled to relief.

It is clear the incorrect description of enclosure 1 of the Addendum, appellant's post-trial matters, is a scrivener's error. The correct number pages submitted by appellant is twenty-nine pages—not forty-six. Appellant's trial defense counsel lists in his memorandum the correct documents submitted, which are: appellant's letter, a two page document dated 28 September 2015, and a twenty-three page "Good Soldier Book" all of which were submitted to the convening authority. Yet the Addendum makes another scrivener's error by citing the incorrect date in enclosure 1 of the addendum, the post-trial matters, as "DEC 2015." Given that the convening authority took action on appellant's case on 7 October 2015, it is impossible for the clemency matters to have been submitted two months later in December 2015.

The question of whether the SJA's comment regarding the post-trial processing of appellant's case is "new matter is a question of law we review de novo." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997). "New matter" includes "matter from outside the record of trial" *United States v. Jones*, 44 M.J. 242, 243 (C.A.A.F. 1996) (quoting R.C.M. 1106 (f) (7) discussion); *see* R.C.M. 1107(b)(3)(B)(iii) ("However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut.). Failure to properly serve the accused and his defense counsel with new matter amounts to error and, under certain circumstances, mandates return of the record to the convening authority in order to allow comment by the accused. *Chatman*, 46 M.J. at 323-24. Some violations of R.C.M 1107(f)(7) may be so trivial as to be non-prejudicial. *United States v. Anderson*, 25 M.J. 342, 344 (C.M.A. 1987). To obtain relief before this court, appellant must "demonstrate prejudice by stating what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *Id.* at 323.

Appellant made no allegation of, nor requested any relief for, tardy post-trial processing either to the convening authority or to this court. Assuming, without deciding, the SJA's comment regarding the post-trial processing of appellant's case violated R.C.M. 1107, we find appellant has failed to demonstrate any prejudice that warrants relief. We note that appellant's trial defense counsel's requests for the delays to submit post-trial matters, on which it appears the SJA attributed the fifty-four days of delay to the defense, are included in the allied papers to appellant's record of trial before this court.

The SJA's statement regarding the post-trial processing of appellant's case was not the result of an allegation of legal error. It was also not the result of a request for relief from dilatory post-trial processing. Rather, it appears to be a recitation of the administrative timeline in processing appellant's case and not intended to rebut any allegation from appellant.

Therefore, we find appellant's assertion of error to lack merit and relief.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court