# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ROBERT E. KENNEDY**
**United States Army, Appellant**

ARMY 20130159

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborne, Military Judge (pretrial motions and arraignment)
James E. Hardin, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Lieutenant Colonel Brian R. Battles, Staff Judge Advocate (post-trial)
Lieutenant Colonel Jerret W. Dunlap, Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr. JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

26 June 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TELLITOCCI, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave, offering violence against a superior commissioned officer, disobedience of a superior commissioned officer on divers occasions, breaking arrest, resisting apprehension, and wrongful use of marijuana, in violation of Articles 86, 90, 95, and 112a, Uniform Code of Military Justice, 10

KENNEDY—ARMY 20130159

U.S.C. §§ 886, 890, 895, and 912a [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. The convening authority credited appellant with eighty-two days of pretrial confinement.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits discussion but no relief. One additional issue merits discussion and relief.

## BACKGROUND

*Breaking Arrest*

Appellant was charged with and pleaded guilty to, *inter alia*, one specification of breaking arrest in violation of Article 95, UCMJ. The facts relevant to this offense are that appellant was ordered into pretrial confinement by his commander and appellant ran away from his escorts before he could be transported to the confinement facility. The parties and the military judge appeared to conflate the fact that appellant was ordered into pretrial confinement with arrest. In Specification 1 of Charge V, appellant was charged with breaking arrest after "having been placed in arrest" by his company commander. During the plea colloquy, the military judge explained the elements of breaking arrest then later discussed only the fourth element "that the accused knew of the arrest and its limits." The following dialogue is the only portion of the proceeding in which the military judge discussed the factual predicate of the offense with appellant and highlights the confusion:

> MJ: All right. Now look at Specification 1 of Charge V, the fourth element in particular. It says the accused knew of the arrest and its limits. Now, this relates to your encounter with the magistrate regarding pretrial confinement. So you understand what we are talking about?
>
> ACC: Yes, sir.
>
> MJ: Were you aware that you were in pretrial confinement - -

---

[1] Also pursuant to his pleas, the military judge acquitted appellant of one specification of failure to report, one specification of disobedience of a superior commissioned officer, one specification of disobedience of a noncommissioned officer, one specification of assaulting an armed services policeman, and two specifications of wrongful communication of a threat.

2

ACC: Yes, sir.

MJ: - - - After meeting the magistrate?

ACC: Yes, sir.

MJ: [W]ith respect to the limits of pretrial confinement, were any placed on you by the magistrate?

ACC: What's that, sir?

MJ: Were any limits placed on you by the magistrate as it related to the pretrial confinement?

ACC: I knew I was going to the D-Cell, sir.

MJ: Okay. So you knew you were going to leave immediately from that area and go to the D-cell and you would be confined from that point until somebody released you?

ACC: Yes, sir.

Thus concludes the entirety of the inquiry into this specification. Turning next to the stipulation of fact in search of clarity, we find the following: "the accused was placed in arrest in pretrial confinement" by his company commander. Nothing else in the record of trial mentions an arrest or any limits of such an arrest.

*Post-Trial Delay and New Matter in Addendum*

Appellant's general court-martial adjourned on 19 February 2013. On 11 June 2013, a transcript of the proceedings was provided to the military judges for their review and authentication. Following authentication, the staff judge advocate (SJA) completed his recommendation (SJAR) to the convening authority on 30 June 2013. A copy of the SJAR was provided to defense counsel on 3 July 2013, and copies of the record of trial and SJAR were served upon appellant on 5 July 2013.

In clemency matters submitted to the convening authority on behalf of appellant pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 on 6 August 2013, defense counsel complained of delays in the government's post-trial processing of appellant's case and specifically argued the government had exceeded the 120-day standard prescribed by the Court of Appeals for the Armed Forces in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Moreover, defense counsel contended he was not informed of service of the record on appellant until 31 July

3

2013 and "defense counsel was not provided a Moreno memo explaining why the record was late."

In his addendum to the SJAR, the SJA properly acknowledged—pursuant to R.C.M. 1106(d)(4)—that appellant's clemency matters included an allegation of legal error pertaining to delays in the post-trial processing of his case. *See United States v. Arias*, 72 M.J. 501 (Army Ct. Crim. App. 2013). Ultimately, the SJA "disagree[d]" that the processing time amounted to legal error, and "determined that corrective action [was] not warranted." However, in addition to this conclusion, the SJA also supplemented his opinion with additional facts relating to the processing time in appellant's case. Specifically, the SJA noted that: (1) his military justice office had "prosecuted several high visibility cases . . . that may have caused our normal cases to encroach or exceed the *Moreno* standard of 120 days."; and (2) the defense counsel "refused substitute service" of a copy of the record of trial in order to prepare clemency matters.[2]

On 15 August 2013, approximately 180 days after the conclusion of appellant's trial, the convening authority took action.

## LAW AND DISCUSSION

### *Breaking Arrest*

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). We will not overturn a military judge's acceptance of a guilty plea unless the record of trial shows a substantial basis in law or fact for questioning it. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013). A providence inquiry into a guilty plea must establish that the accused believes and admits that he is guilty of the offense and that the factual circumstances admitted by the accused objectively support the guilty plea. *United States v. Garcia*, 44 M.J. 496, 497-98 (C.A.A.F. 1996) (citing *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994)); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980); R.C.M. 910(e) ("The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea."). The court applies this "substantial

---

[2] Appellant was served with the record of trial and SJAR on 5 July 2013 via Federal Express. Despite some confusion about the precise date appellant received these documents—thereby prompting defense counsel's 10-day response time to submit R.C.M. 1105 matters—defense counsel ultimately submitted clemency matters on 6 August 2013, following a 20-day extension from the SJA through 4 August. *See* R.C.M. 1104(b)(1)(B); 1105(c)(1); 1106(f)(1).

basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322; *see also* UCMJ art. 45; R.C.M. 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law.").

Arrest is the moral restraint of a person by oral or written orders directing the person to remain within specified limits. R.C.M. 304(a)(3). Without any facts actually pointing to an order that put the accused in arrest, not pretrial confinement, appellant is not provident to breaking any such arrest.

Appellant was ordered into routine pretrial confinement, but was not yet delivered to a confinement location. Therefore, he could not be charged with escape from confinement as he was not yet in confinement (confinement starts "by the delivery of a person to a place of confinement"). *United States v. Edwards*, 69 M.J. 375, 377 (C.A.A.F. 2011) (citing R.C.M. 304(d)). Based upon the stipulation of fact and the statements made by appellant during the providence inquiry, it appears that appellant admitted to escape from custody: an offense with which appellant was neither charged nor convicted. Breaking arrest and escape from custody are distinct offenses; therefore, the military judge erred by accepting appellant's plea of guilty to breaking arrest. This error will be addressed in our decretal paragraph.

*Post-Trial Delay and New Matter in Addendum*

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 142. Specifically, action of the convening authority should be taken no later than 120 days after completion of the trial. *Id*. Failure to satisfy this standard creates a "presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis." *Id*. at 142-43. The four factors are: (1) length of delay; (2) reasons for delay; (3) appellant's assertion of the right to a timely review and appeal; and (4) prejudice to appellant. *Id*. at 136-41.

The first factor weighs in favor of appellant as 177 days is presumptively unreasonable. Despite the fact that the SJA's explanations for dilatory processing are generally unpersuasive, they are not unreasonable. Therefore, the second factor is of neutral weight. The third factor weighs for the government as appellant did not assert any objection to the post-trial processing of his court-martial until his submissions under R.C.M. 1105. Finally, appellant has not alleged or demonstrated any particularized prejudice in his appeal. Therefore, the fourth factor weighs for the government. Furthermore, "[i]n this case, we conclude that even if [a]ppellant was denied his due process right to speedy review and appeal, that error was harmless

beyond a reasonable doubt and no relief is warranted." *United States v. Finch*, 64 M.J. 118, 125 (C.A.A.F. 2006).

Rule for Court for Courts-Martial 1106(f)(7) requires that "[w]hen new matter is introduced [in the SJA's addendum] after the accused and counsel for the accused have examined the [SJAR] . . . the accused and counsel must be served with the new matter and given 10 days from service of the addendum in which to submit comments." R.C.M. 1106(f)(7). "The question whether an SJA's comments constitute new matter is a question of law that we review de novo." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997).

"New matter" includes "matter from outside the record of trial." *United States v. Jones*, 44 M.J. 242, 243 (C.A.A.F. 1996) (quoting R.C.M. 1106(f)(7) discussion). Failure to properly serve the accused and his defense attorney with new matter amounts to error and, under certain circumstances, it mandates return of the record to the convening authority in order to allow comment by the accused. *Chatman*, 46 M.J. at 323-24. Specifically, an appellant before this court *must* "demonstrate prejudice by stating what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *Id*. at 323.

Here, the SJA's elaboration in his addendum—specifically his assertion of facts not already in the record—amounted to new matter that should have been served upon appellant and his defense counsel.[3] *See Jones*, 44 M.J. at 244 (SJA's addendum that included a recital of events not reflected in the record in response to allegation of delays in post-trial processing constituted "new matter").

However, while the SJA's explanation was clearly designed to rebut or mitigate appellant's claim of dilatory processing, it was not so "derogatory [or] adverse" to appellant that it necessarily compels us to return this case to the convening authority to give appellant opportunity to comment. *Id*. Although appellant need only make a "colorable showing of possible prejudice" on appeal, here he has made no attempt to do so.[4] *See Chatman*, 46 M.J. at 323-24. Although appellant's case was not an exemplar of timely post-trial processing, the delays were

---

[3] An SJA is permitted to respond to an allegation of post-trial delays in his addendum as long as he "confine[s] his comments to a statement disagreeing with any suggestion that the SJA's office was dilatory in preparing the record of trial." *Jones*, 44 M.J. at 243.

[4] Appellant's assignment of error focuses exclusively on the amount of post-trial delay and omits any discussion of R.C.M. 1106(c)(7) or the additional facts included by the SJA in his addendum.

not excessive and included 32 days for appellant to submit clemency matters. Thus we are confident that regardless of his inability to respond to the SJA's comments to the convening authority—initially or upon remand by this court—the SJA's error was harmless.

**CONCLUSION**

The finding of guilty of Specification 1 of Charge V is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Second, appellant was tried and sentenced by a military judge. Third, we find the nature of the remaining offenses still captures the gravamen of the original offenses and the aggravating circumstances surrounding appellant's conduct remains admissible and relevant to the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales and Winckelmann*, and is also appropriate under Article 66(c), UCMJ. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7