UNITED STATES, Appellee

v.

Michael L. JONES, Airman U.S.
Air Force, Appellant.

No. 95-0343.
Crim.App. No. 31082.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 4, 1996.

Decided July 30, 1996.

For Appellant: *Captain Mark J. Simms*
(argued); *Colonel Jay L. Cohen* (on brief).

For Appellee: *Captain R. Scott Howard*
(argued); *Colonel Jeffery T. Infelise* and
*Captain Deborah M. Carr* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of offi-
cer members at McClellan Air Force Base,
California, convicted appellant, pursuant to
his pleas, of attempting to wrongfully possess
lysergic acid diethylamide (LSD) and of
wrongfully using LSD on divers occasions, in
violation of Articles 80 and 112a, Uniform
Code of Military Justice, 10 USC §§ 880 and
912a, respectively. The approved sentence
provides for a bad-conduct discharge, con-
finement and partial forfeitures for 3 months,
and reduction to the lowest enlisted grade.

The Court of Criminal Appeals affirmed without opinion.

We granted review of the following issue:

WHETHER REFERENCES IN THE STAFF JUDGE ADVOCATE [ (SJA) ]'S ADDENDUM TO THE RECORD OF TRIAL AUTHENTICATION PROCESS AND AFR 111–1, TO REBUT AN ASSERTION IN A DEFENSE CLEMENCY SUBMISSION, CONSTITUTED "NEW MATTER" UNDER RCM 1106(f)(7) REQUIRING SERVICE OF THE ADDENDUM ON COUNSEL FOR APPELLANT.

The SJA prepared a post-trial recommendation that recommended approval of the adjudged sentence and served it on appellant and his counsel as required by RCM 1106(f)(1), Manual for Courts–Martial, United States (1994 ed.). Defense counsel submitted a clemency request asserting that "because the legal office took a little more than two and one half months to complete the record of trial," appellant was "no longer eligible for" the Air Force Return to Duty Program (RDP).

The SJA then submitted the addendum to the convening authority without serving it on appellant and his counsel. The addendum includes the following explanation of the post-trial processing of appellant's case:

An authenticated record of trial is a product of many different persons, not all of whom work for the legal office. After the trial was completed on 14 December 1994 [sic] we did not receive a [sic] unauthenticated record of trial of the case-in-chief from the court reporter until 4 January 1994. Between 4 January 1994 and 19 January 1994 the legal office compiled a record of trial with evidence and requested correction of errors in the transcription. On 19 January 1994 a copy of the record of trial was sent to the military judge. We received an authenticated record of trial from the military judge on 1 February 1994. Captain David was then given a copy of the record of trial for review on 14 February 1994. On 17 February 1994 Airman Jones was served with the SJA recommendation and a copy of the record of

trial. On 22 February 1994, Captain David then asked for a defense delay until 7 March 1994 to respond to the SJA recommendation. At the end of the day on 7 March 1994 the legal office received the response to the SJA recommendation and a request for clemency from the defense.

Responding to defense counsel's assertion that appellant was no longer eligible for the RDP, the SJA cited paragraph 15–10(e)(3) of Air Force Regulation 111–1, providing that prisoners "who have a punitive discharge adjudged must have a minimum of 30 days remaining to serve on the approved confinement sentence ... in order to be eligible for entry into the" RDP. The SJA explained that the convening authority could make appellant eligible for the program "by commuting his bad-conduct discharge" to additional confinement.

RCM 1106(f)(7) permits the SJA to submit an addendum to the post-trial recommendation in response to comments from the accused or defense counsel. "When new matter is introduced ...," however, "counsel for the accused must be served with the new matter and given a further opportunity to comment." According to the Discussion to this Rule: " 'New matter' includes discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed." It does not "include any discussion by the staff judge advocate or legal officer of the correctness of the initial defense comments on the recommendation." *United States v. Leal,* 44 MJ 235, 238 (1996).

■ We hold that the SJA injected new matter in his addendum but that the error was harmless under the particular circumstances of appellant's case. Starting with the SJA's recital of the post-trial processing of appellant's case, we first note that this appellate issue would not be before us had the SJA confined his comments to a statement disagreeing with any suggestion that the SJA's office was dilatory in preparing the record of trial. *See* RCM 1106(d)(4). Two events recited by the SJA were contained in the "record": the dates of trial and of authentication by the military judge. *See* RCM

1103(b)(2)(B) (requirement for verbatim transcript) and RCM 1104(a)(2) (requirement for authentication). Other events, however, are not reflected in the record: the dates of receipt of the record from the court reporter; compilation of and correction of errors in the record; dispatch of the record to the military judge; and receipt of the authenticated record from the military judge. The SJA's recital of these latter events constituted "new matter." *See United States v. Nance*, 15 MJ 588 (ACMR 1983).

■ Ordinarily, we will not speculate on what the convening authority might have done if there had been full compliance with RCM 1106(f)(7). *See, e.g., United States v. Leal, supra.* Our previous decisions have involved "new matter" that was derogatory of or adverse to the accused. *See, e.g., United States v. Jones*, 36 MJ 438, 439 (CMA 1993) (notation on appellant's clemency request disputing accuracy of his description of his prior service); *United States v. Norment*, 34 MJ 224, 226 (CMA 1992) (independent investigation determined that appellant's allegations of misconduct by court personnel were unsupported); *United States v. Anderson*, 25 MJ 342, 344 (CMA 1987) (comment that appellant's conduct "gave rise to a 5 million dollar claim against the United States"); *United States v. Narine*, 14 MJ 55, 56 (CMA 1982) (discussion of recent court decision adverse to appellant). Although we have not expressly articulated it in those terms, we have treated the injection of "new matter" in response to clemency requests as presumptively prejudicial, as has the court below. *See United States v. Holt*, 38 MJ 682, 683 (AFCMR 1993).

In *United States v. Anderson*, 25 MJ at 344, we suggested, without deciding, that in an appropriate case a violation of RCM 1106(f)(7) might be "so trivial" as to be nonprejudicial. This is such a case. We hold that any presumption of prejudice in this case is rebutted by the appellate record before us. Here the SJA did not dispute appellant's assertion that preparation of the record took 2½ months. He merely explained the process and injected some inconsequential dates. The events recited by the SJA were neutral, neither derogatory nor adverse to appellant. *See* Art. 59(a), UCMJ, 10 USC § 859(a). Even under the more rigorous standards previously applied by this Court, we hold that the processing time was reasonable. *See Dunlap v. Convening Authority*, 23 USCMA 135, 48 CMR 751 (1974), *overruled, United States v. Banks*, 7 MJ 92 (CMA 1979).

■ Turning to the discussion of the RDP, we hold that the SJA did not include "new matter" in his addendum. Although defense counsel did not cite AFR 111–1 in his response to the post-trial recommendation, he referred to the subject matter of that regulation; namely, the RDP. The SJA agreed with defense counsel that a prisoner who has already served the adjudged confinement would not be eligible for the program. The SJA advised the convening authority that he could make appellant "eligible ... by commuting" the bad-conduct discharge to additional confinement. He did not change his recommendation, insert new facts, discuss new legal issues, or cite new legal authorities in the addendum.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, Judge SULLIVAN, and Senior Judge EVERETT concur.

CRAWFORD, Judge (concurring in the result):

I agree that reference to a general regulation concerning the "Return to Duty Program" (RDP) that should be known by defense counsel is not new matter. I also concur that the dates of trial and the authentication by the judge are part of the record of trial and a comment on ineligibility for RDP is not new matter. The other matters are so trivial as to be harmless.