# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Three STEVEN VALENCIA**
**United States Army, Appellant**

ARMY 20130558

Headquarters, United States Army Special Operations Command
Tara A. Osborn, Military Judge (arraignment)
James W. Herring, Jr., Military Judge (trial)
Colonel Robert L. Bowers, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Charles R. Pritchard, Jr., Acting Staff Judge Advocate
(addendum & supplemental addendum)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian D. Andes (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian D. Andes (on supplemental brief).

For Appellee:  Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

23 October 2015

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of aggravated sexual contact with a child who had not attained the age of 12 years, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. III) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for eight years.

This case is before us for review under Article 66, UCMJ.  Appellant raises three assignments of error, two of which require discussion but no relief.  The

VALENCIA—ARMY 20130558

matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant pleaded guilty to four specifications of aggravated sexual contact with his ten-year-old daughter.  Appellant entered into a stipulation of fact admitting to the misconduct underlying these offenses, and engaged in a colloquy with the military judge freely admitting to his misconduct.  Appellant also stated on the record he was "absolutely" satisfied with the representation of his military defense counsel, Captain (CPT) LC.

On appeal, in a statement made under penalty of perjury, appellant now asserts he received ineffective assistance when his defense counsel coerced him into: (1) pleading guilty, (2) entering into a pretrial agreement, and (3) signing a false stipulation of fact that was completed before the convening authority accepted his initial offer to plead guilty.  Appellant also avers that CPT LC had a conflict of interest in his case due to her prior professional relationship with the trial counsel, and that CPT LC improperly advised appellant of possible defenses in his case. Captain LC submitted a sworn affidavit refuting appellant's claims of ineffective assistance.  Her affidavit does conflict in part with appellant's affidavit.

Appellant also avers that a new staff judge advocate recommendation and a new action are required where appellant was not served with a new matter and given ten days to submit comments in accordance with Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106(f)(7).

## LAW AND DISCUSSION

*1.  Ineffective Assistance of Counsel*

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel.  *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)).  To establish that his counsel was ineffective, appellant must satisfy the two-part test, "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."  *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  We review both prongs of the *Strickland* test *de novo*.  *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001) and *United States v. Wiley,* 47 M.J. 158, 159 (C.A.A.F. 1997)).

As a threshold matter, because appellant and CPT LC filed conflicting post-trial statements, we look to whether a post-trial evidentiary hearing is required.

2

VALENCIA—ARMY 20130558

*United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Applying the fourth *Ginn* factor, we conclude that an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel. *Id.* Assuming appellant's affidavit is factually adequate on its face, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts," and we may therefore "discount those factual assertions and decide the legal issue." *Id.* Additionally, after applying the fifth *Ginn* factor, we are not convinced that appellant has "rationally explain[ed]" the contradiction between his statements during his guilty plea, to include his providence inquiry, and his statements made under penalty of perjury here. *Id.*

Appellant's affidavit and his statements made at trial are irreconcilable. At every stage of the trial and during the plea colloquy, appellant noted his satisfaction with his defense counsel and his legal right to plead not guilty, and he provided a factual predicate for his guilt. We "must consider these admissions to determine whether a disputed issue of fact has been raised which requires that a *DuBay* hearing be ordered." *Ginn*, 47 M.J. at 244. At his court-martial, appellant did not raise any concern of an allegedly coerced plea, nor did he object to his stipulation of fact after an explanation of its purpose and uses. Appellant did not object to his pretrial agreement after an exhaustive six-page explanation of its terms by the military judge, and did not mention potential unpursued defenses or problematic conflicts of interest regarding CPT LC. The following colloquy between the military judge and appellant regarding the pretrial agreement and appellant's satisfaction with CPT LC's representation is instructive:

> MJ: Chief Valencia, have you had enough time to discuss this agreement with your defense counsel?
>
> ACC: Yes, Your Honor.
>
> MJ: Did you enter the agreement of your own free will?
>
> ACC: Yes, Your Honor.
>
> MJ: Has anyone tried to force you to make this pretrial agreement?
>
> ACC: No, Your Honor.
>
> . . . .
>
> MJ: Chief Valencia, are you pleading guilty not only because you hope to receive a lighter sentence, but also because you are convinced that you are, in fact, guilty?

3

> ACC:  Yes, Your Honor.
>
> . . . .
>
> MJ:  Chief Valencia, have you had enough time and opportunity to discuss this case with your defense counsel?
>
> ACC:  Yes, Your Honor.
>
> MJ:  Are you satisfied that your defense counsel's advice is in your best interest?
>
> ACC:  Yes, Your Honor.
>
> MJ:  Are you satisfied with your defense counsel?
>
> ACC:  *Absolutely, Your Honor.*
>
> (emphasis added).

In our view, appellant's trial statements "compellingly demonstrate" the improbability of the facts alleged in his statement to this court made under penalty of perjury.  *Ginn*, 47 M.J. at 248.  Given our application of the fourth and fifth *Ginn* factors listed above, we are convinced appellant has not carried his burden on the first prong of *Strickland*.

### 2. New Matter

In the post-trial processing of appellant's case the victim (Miss SV) was provided the opportunity to "submit a written statement to the convening authority after the sentence [was] adjudged" in accordance with National Defense Authorization Act (NDAA) for Fiscal Year 2014, Pub. L. No 113-66, § 1706(a)(2), 127 Stat. 960-61 (2013).[1]  Miss SV was served with a copy of the record of trial and

---

[1] The NDAA for Fiscal Year 2014 was signed into law by the President on 26 December 2013.  The amendment to Article 60, UCMJ, allowing victims "to submit matters for consideration by the convening authority" is found in § 1706(a), 127 Stat. 960-61, of the NDAA ("Victim Submission of Matters for Consideration by Convening Authority").  This section of the NDAA does not designate an effective date, and therefore we presume it became effective immediately.  *See Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991).

4

VALENCIA—ARMY 20130558

the Staff Judge Advocate's Recommendation (SJAR) on 8 February 2014. A twenty-day delay extending Miss SV's ten-day response period was granted by the staff judge advocate (SJA). Miss SV then notified the military justice office she did not intend to submit matters. On 24 February 2014, the addendum to the SJAR was signed and the convening authority took action on that date. One day later, the military justice office received an acknowledgement of "Receipt For Copy of Record of Trial and Staff Judge Advocate's Recommendation" from Miss SV. Miss SV printed the following in the remarks section of the form dated 21 February 2014:

> I'm shocked that this is even possible. He was sentenced
> 8 years. 8 years. I remember those words so intensly
> (sic), so much I felt numb at the time. 7 months. 7
> months has passed and it feels like it's only been 2
> months. However if this is how he wishes to portray
> himself, that he has truly thought about what he's done –
> so be it. His words are jokes in my ear, and I'm 99.9%
> sure he isn't giving a single thought about me anyways.

Upon receipt of this document the SJA prepared a supplemental addendum to the SJAR dated 21 March 2014. Paragraph 5 of the supplemental addendum stated, "The victim elected not to submit additional matters for your consideration. However the OSJA received her receipt for the victim's copy of the Record of Trial on 25 February 2014. On this receipt the victim made remarks that arguably could be considered victim matters." The SJA presented the receipt with Miss SV's remarks to the convening authority as an enclosure to the supplemental addendum and recommended that the convening authority "adhere to the original action" signed on 24 February 2014. The convening authority then approved the recommendation of the SJA. Significantly, the SJA did not serve a copy of what could "arguably be considered victim matters"[2] on the appellant or the defense counsel.

Rule For Courts-Martial 1106(f)(7) ("New matter in addendum to recommendation"), provides:

> The staff judge advocate or legal officer may supplement
> the recommendation after the accused and counsel have
> been served with the recommendation and given an
> opportunity to comment. When new matter is introduced
> after the accused and counsel for the accused have
> examined the recommendation, however, the accused and
> counsel for the accused must be served with the new

---

[2] The enclosure to the supplemental addendum lists Miss SV's statement as "[v]ictim matters."

> matter and given 10 days from service of the addendum in
> which to submit comments. . . .

The discussion following R.C.M 1107(f)(7) states that "'New matter' includes discussion of the effect of new decisions on issues in the case, matters from outside the record of trial, and issues not previously discussed."

We have no doubt that the remarks of Miss SV constituted a new matter within the meaning of R.C.M. 1107(f)(7). The fact that the SJA presented the remarks to the convening authority after initial action was taken by the convening authority because they could "arguably be considered victim matters" is indicative of the importance placed upon this information. The failure of the SJA to serve this new matter upon the appellant and his counsel was error. The practice of presenting matters before convening authorities which have not been served upon an accused and his or her counsel is legally infirm and fundamentally unfair.

However, our inquiry does not end with the finding of error under these facts. Our superior court instructs that in these cases:

> [W]e will require appellant to demonstrate prejudice by
> stating what, if anything, would have been submitted to
> deny, counter, or explain the new matter. *See* Art.59(a),
> UCMJ, 10 USC § 859(a) (error must materially prejudice
> substantial rights of accused). We believe that the
> threshold should be low, and if an appellant makes some
> colorable showing of possible prejudice, we will give that
> appellant the benefit of the doubt and "we will not
> speculate on what the convening authority might have
> done" if defense counsel had been given an opportunity to
> comment.

*United States v. Chatman*, 46 M.J. 321, 323-324 (C.A.A.F. 1997) (quoting *United States v. Jones*, 44 M.J. 242, 244 (C.A.A.F. 1996)).

In this case appellant has not demonstrated prejudice. Beyond identifying the error of failing to serve the new matter occurred, he has provided nothing to deny, counter, or explain the new matter. Because the convening authority "adhere[d] to the original action," approving the same sentence he initially approved *without* the victim's statement, we are unable to envision how appellant could have demonstrated prejudice under the unique circumstances of this case. Absent a demonstration of potential prejudice by appellant, we find the error harmless.

VALENCIA—ARMY 20130558

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7