# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32666**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Gregory A. HALTER, Jr.**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 January 2022

———————————

*Military Judge:* Thomas J. Alford.

*Sentence:* Sentence adjudged on 18 May 2020 by SpCM convened at Sheppard Air Force Base, Texas. Sentence entered by military judge on 4 June 2020: Bad-conduct discharge, confinement for 6 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Allison R. Gish, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, ANNEXSTAD, and OWEN, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge LEWIS and Judge OWEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

ANNEXSTAD, Judge:

A special court-martial consisting of a military judge convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specifi-

cation of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*); one specification of reckless endangerment, two specifications of assault upon an intimate partner, and an additional specification of assault consummated by a battery, in violation of Articles 114, 128b, and 128, UCMJ, 10 U.S.C. §§ 914, 928b, 928, *Manual for Courts-Martial, United States* (2019 ed.).[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, reduction to the grade of E-1, and a reprimand.[2]

Appellant raises six assignments of error which we have reworded: (1) whether trial counsel committed prosecutorial misconduct during his sentencing argument by arguing that Appellant should be sentenced based on an uncharged offense; (2) whether the military judge erred by allowing a named victim to present improper victim impact information in the victim's unsworn statement; (3) whether the military judge abused his discretion by admitting Appellant's letter of reprimand during presentencing; (4) whether Appellant is entitled to appropriate relief because he was not timely served with a victim's submission of matters or provided an opportunity to rebut the same in accordance with Rule for Courts-Martial (R.C.M.) 1106A, prior to the convening authority signing the Decision on Action memorandum in his case; (5) whether Appellant is entitled to appropriate relief due to the convening authority's failure to take action on the sentence as required by law; and (6) whether Appellant's sentence is inappropriately severe.[3]

We agree with Appellant's fourth assignment of error and find he was not served a copy of a victim's submission of matters or provided with an opportunity to rebut the matters prior to the convening authority signing the Decision on Action memorandum.[4] We further find that remand to the Chief Trial

---

[1] Unless otherwise noted, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement required that any sentence to confinement for each offense would not exceed six months and that all periods of confinement would be served concurrently.

[3] Issue (6) was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] The military judge prematurely signed the entry of judgment three days into Appellant's five-day window to submit rebuttal matters. *See* R.C.M. 1106(d)(3).

Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant's trial concluded on 18 May 2020. Ten days later, on 28 May 2020, Appellant submitted his request for clemency to the convening authority. In his request, he asked the convening authority to "reduce [his] time in confinement, in order to allow [him] to better treat [his] mental health and to return home to [his] family to get treatment." On or before 29 May 2020, one of the named victims, LV, submitted a statement to the convening authority.[5,6] These matters were separate and distinct from her unsworn victim statement at trial. In her R.C.M. 1106A submission, LV asked the convening authority not to "change, modify, or reduce [Appellant]'s sentence" because "reducing his term of confinement [would] not serve to show him the error of his ways." She also stated:

> I do not accept [Appellant's] apology because I know that it is insincere. When [Appellant] told the judge that he had "accidently" punched me and that I had provoked it by striking him with a closed fist, I knew that he still believed that this was my fault. Only we both know what really happened that night, and the fact that he did not disclose the full truth right away made me upset.

On 29 May 2020, the convening authority took "no action" on the findings and sentence. The record of trial does not contain a receipt demonstrating Appellant received the matters submitted by LV before the convening authority signed the Decision on Action memorandum. Additionally, Appellant's clemency submission makes no reference to LV's submission of matters. On 1 June 2020, the Defense was served with both LV's submission of matters and the convening authority's Decision on Action memorandum. On 4 June 2020, the

---

[5] LV's submission of matters to the convening authority was undated. However, the convening authority referenced her submission of matters in his 29 May 2020 Decision on Action memorandum. Thus, we infer that submission of matters was received on or before 29 May 2020.

[6] While the convening authority stated in his Decision on Action memorandum that he received submissions from "the *victims*," (emphasis added), this statement was inaccurate, as the other named victim, NM, declined to submit matters.

military judge signed the entry of judgment which listed the sentence as adjudged.

On 29 November 2021, Appellant submitted a declaration to this court in support of his arguments relating to this raised issue.[7] In his declaration, he stated that he did not receive LV's submission of matters prior to the convening authority signing the Decision of Action memorandum in his case, and that had he been given the opportunity to respond, he would have rebutted LV's submission of matters.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Because they are matters of law, we review de novo interpretations of statutes, *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted), and Rules for Courts-Martial, *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A). A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2), Discussion.

"[T]he convening authority is an appellant's 'best hope for sentence relief.'" *United States v. Bischoff*, 74 M.J. 664, 669 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999)). "Post-trial conduct

---

[7] We considered Appellant's declaration, dated 22 November 2021, and a declaration with one attachment from Lieutenant Colonel CB, dated 18 November 2021, consistent with our superior court's decision in *United States v. Jessie*, 79 M.J. 437, 445 (C.A.A.F. 2020), as this matter was raised but not fully resolvable by the materials in the record.

must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.) (quoting *United States* v. *Leal,* 44 M.J. 235, 237 (C.A.A.F. 1996)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Court-Martial and preserves the actual and perceived fairness of the military justice system." *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007).

When reviewing post-trial errors, this court will grant relief if an appellant presents "some 'colorable showing of possible prejudice . . . .'" *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005)). Specifically concerning rebuttal matters, the United States Court of Appeals for the Armed Forces (CAAF) requires an appellant "to demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (internal quotation marks and citation omitted). The CAAF further explained that "the threshold should be low, and if appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and 'we will not speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* at 323–24 (quoting *United States v. Jones*, 44 M.J. 242, 244 (C.A.A.F. 1996)).

The threshold for material prejudice "reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such discretion." *Scalo*, 60 M.J. at 437 (citation omitted) (interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, than the convening authority had before him in this case). "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for remand to a convening authority" for new post-trial action. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (also reviewing a different version of Article 60, UCMJ, than the convening authority had before him in this case).

## B. Analysis

Appellant contends that the convening authority erred by not ensuring that he was provided victim matters submitted by LV, and by signing the Decision on Action memorandum without providing him the opportunity to rebut the victim matters. We agree and conclude new post-trial processing is required.

It is clear from the record before the court that Appellant was not provided with LV's statement, submitted pursuant to R.C.M. 1106A, prior to the convening authority's decision on action, nor was he given the opportunity to respond to LV's submission of matters before the convening authority signed the Decision on Action memorandum. In fact, the record demonstrates that LV's submission of matters were not provided to the defense until 1 June 2020, three days *after* the convening authority signed the memorandum. This is not only clear error but a violation of Appellant's most basic due process rights under the Rules for Courts-Martial. *See Bartlett*, 64 M.J. at 649.

Finding error, we now turn our attention to prejudice. We conclude Appellant has met the low threshold of demonstrating some colorable showing of possible prejudice. Here, pursuant to Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A) (2016 *MCM*), the convening authority was authorized to take action on Appellant's sentence by reducing his term of confinement. This is the exact relief that Appellant requested in his clemency matters. Appellant described, in his declaration to this court, what rebuttal matters he would have submitted to the convening authority to "deny, counter, or explain" LV's submission of matters. *See Chatman*, 46 M.J. at 323. We "will not speculate on what the convening authority might have done" had Appellant been given the opportunity to comment on LV's submission of matters. *See id.* (quoting *Jones,* 44 M.J. at 244).

As a remedy, Appellant contends this court should set aside his bad-conduct discharge, otherwise reduce his sentence, or alternatively, order new post-trial processing. We do not find sentence relief to be warranted, and instead provide Appellant what he is entitled to: the opportunity to respond to LV's submission of matters, and to submit rebuttal matters for the convening authority's consideration before the convening authority decides whether to grant him sentence relief or approve the adjudged sentence in its entirety.

As to the convening authority's decision on action during the remand, we also note that the convening authority made a procedural error when he failed to take action on the entire sentence as Appellant was found guilty of at least one offense that occurred prior to 1 January 2019 and the charges were referred after 1 January 2019. *See United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 818, at *1–2 (C.A.A.F. 7 Sep. 2021) (per curiam). We did not test this error for material prejudice to a substantial right of Appellant, because we already determined a remand for new post-trial processing is required.

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant receiving notice of LV's matters, and prior to a five-day period of time for Appellant to submit a rebuttal.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this opinion;[8]

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[8] As noted in our opinion, the convening authority committed procedural error by failing to take action on the sentence. During any new post-trial processing, the convening authority may correct this procedural error.