# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM 40057

———————————

### UNITED STATES
*Appellee*

v.

### Won-Jun KIM
Air Force Cadet, U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 May 2022

———————————

*Military Judge:* Jennifer J. Raab.

*Sentence:* Sentence adjudged on 20 November 2020 by GCM convened at The United States Air Force Academy, Colorado. Sentence entered by military judge on 7 January 2021: Dismissal and confinement for 45 days.

*For Appellant:* Lieutenant Colonel Garrett M. Condon, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Abbigayle C. Hunter, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and MEGINLEY, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge KEY and Judge MEGINLEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

ANNEXSTAD, Judge:

A general court-martial consisting of a military judge convicted Appellant, contrary to his pleas, of one specification of abusive sexual contact, in violation

of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*); and acquitted Appellant of one specification of assault, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2016 *MCM*).[1] The military judge sentenced Appellant to a dismissal and confinement for 45 days.

Appellant raises five assignments of error, which we have reworded: (1) whether Appellant's conviction for abusive sexual contact is legally and factually sufficient; (2) whether Appellant's sentence was inappropriately severe; (3) whether Appellant is entitled to appropriate relief because he was not timely served with the victim's submission of matters or provided an opportunity to rebut the same in accordance with Rule for Courts-Martial (R.C.M.) 1106A, prior to the convening authority signing the Decision on Action memorandum in his case; (4) whether Appellant's court-martial was improperly referred; and (5) whether the military judge erred by denying Appellant's request to instruct the panel that a unanimous verdict was required to convict Appellant.[2]

We agree with Appellant's third assignment of error and find he was not served a copy of the victim's submission of matters or provided with an opportunity to rebut the matters prior to the convening authority signing the Decision on Action memorandum. We further find that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant's trial concluded on 20 November 2020. Four days later, on 24 November 2020, Appellant submitted his request for clemency to the convening authority. In his request, he asked the convening authority to "disapprove the sentence of forty-five days confinement." Appellant also stated that his clemency submission should "not be construed to waive or forfeit [his] right to submit matters in response to any matters submitted by the named victim in accordance with R.C.M. 1106A." On the same day, the named victim, JM, submitted matters to the convening authority in accordance with R.C.M. 1106A. The submitted matters consisted of JM's written impact statement that had been admitted at trial. The Government concedes that the "record does not

---

[1] Unless otherwise noted, all other references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Issues (4) and (5) were personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

show Appellant was served with [JM]'s post-trial submissions as Appellant should have been under [R.C.M.] 1106A(c)(3)."

On 2 December 2020, the convening authority took no action on the findings and approved the sentence as adjudged. On 7 January 2021, the military judge entered the judgment. On appeal, Appellant notes that he had a "right to rebut [JM]'s statement, highlight its unsworn nature, and submit matters in rebuttal to her claims of victim impact."

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Because they are matters of law, we review de novo interpretations of statutes, *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted), and Rules for Courts-Martial, *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A). A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2), Discussion.

"[T]he convening authority is an appellant's 'best hope for sentence relief.'" *United States v. Bischoff*, 74 M.J. 664, 669 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999)). "Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.) (quoting *United States* v. *Leal,* 44 M.J. 235, 237 (C.A.A.F. 1996)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Court-Martial and

preserves the actual and perceived fairness of the military justice system." *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007).

When reviewing post-trial errors, this court will not grant relief unless an appellant presents "some 'colorable showing of possible prejudice . . . .'" *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005)). Specifically concerning rebuttal matters, the United States Court of Appeals for the Armed Forces (CAAF) requires an appellant "to demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (internal quotation marks and citation omitted). The CAAF further explained that "the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and 'we will not speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* at 323–24 (quoting *United States v. Jones*, 44 M.J. 242, 244 (C.A.A.F. 1996)).

The low threshold for material prejudice reflects the convening authority's entirely discretionary "power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such discretion." *Scalo*, 60 M.J. at 437 (citation omitted).[3] "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority" for new post-trial action. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).[4]

## B. Analysis

Appellant contends that the convening authority erred by not ensuring that he was provided victim matters submitted by JM, and by signing the Decision on Action memorandum without providing Appellant the opportunity to rebut the victim matters. We agree and conclude new post-trial processing is required.

It is clear from the record before the court that Appellant was not provided with JM's statement, submitted pursuant to R.C.M. 1106A, prior to the convening authority's decision on action, nor was Appellant given the opportunity to respond to JM's submission of matters before the convening authority signed

---

[3] Although the CAAF in *Scalo* was interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, that court has not indicated that its jurisprudence on these matters has changed with the recent updates to Article 60, UCMJ.

[4] In *Wheelus*, the CAAF was also considering a different version of Article 60, UCMJ, 10 U.S.C. § 860.

the Decision on Action memorandum. Here, the Appellant specifically reminded the convening authority that his clemency submission did not "waive or forfeit [his] right to submit matters in response to any matters submitted by the named victim in accordance with R.C.M. 1106A." Nonetheless, the convening did not serve JM's victim's matter on Appellant, nor give him the opportunity to rebut the victim's matters, prior to taking action on Appellant's case. This is not only clear error but a violation of Appellant's most basic due process rights under the Rules for Courts-Martial. *See Bartlett*, 64 M.J. at 649.

Finding error, we now turn our attention to prejudice. We conclude Appellant has met the low threshold of demonstrating some colorable showing of possible prejudice. Here, pursuant to Article 60(c)(2)(B), UCMJ, 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*), the convening authority was authorized to take action on Appellant's sentence by reducing his term of confinement. This is the exact relief that Appellant requested in his clemency matters. Furthermore, Appellant described, in his brief to this court, what rebuttal matters he would have submitted to the convening authority to "deny, counter, or explain" JM's submission of matters. *See Chatman*, 46 M.J. at 323. We "will not speculate on what the convening authority might have done" had Appellant been given the opportunity to comment on JM's submission of matters. *See id.* (quoting *Jones*, 44 M.J. at 244).

We conclude that the relief warranted in this case is to provide Appellant with what he is entitled to: the right to be served with JM's submission of matters, and the opportunity to submit rebuttal matters for the convening authority's consideration, before the convening authority decides whether to grant Appellant sentence relief or approve the adjudged sentence in its entirety.

### III. CONCLUSION

Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant being afforded five days to submit a rebuttal to JM's submission of matters.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this opinion, specifically affording Appellant the opportunity to respond to the victim matters submitted under R.C.M. 1106A before the convening authority takes action;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court