# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40091**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dakota R. BAKER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 September 2022

————————————

*Military Judge:* Bryon T. Gleisner (pre-referral judicial proceeding); Elizabeth M. Hernandez (pretrial motions and arraignment); Christina M. Jimenez.

*Sentence:* Sentence adjudged 4 March 2021 by GCM convened at Sheppard Air Force Base, Texas. Sentence entered by military judge on 16 March 2021: Dishonorable discharge, confinement for 15 months, and reduction to E-1.

*For Appellant:* Major Matthew L. Blyth, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Major Brittany M. Speirs, USAF; Major Lecia E. Wright, USAF; Mary Ellen Payne, Esquire.

Before KEY, MERRIAM, and ANNEXSTAD, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Senior Judge KEY and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MERRIAM, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge with three specifications of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, and one charge and specification of receiving and viewing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The adjudged sentence was a dishonorable discharge, confinement for 15 months, and reduction to the grade of E-1. Appellant requested clemency, but the convening authority took no action on the sentence.

Appellant raises three issues on appeal: (1) whether his sentence to a dishonorable discharge is inappropriately severe; (2) whether the convening authority violated Appellant's basic due process rights when she decided to take no action on sentence before allowing Appellant five days to respond to the victim's post-trial submission of matters in accordance with Rule for Courts-Martial (R.C.M.) 1106(d)(3); and (3) whether trial counsel's sentencing argument improperly referenced victim impact and criticized Appellant's apology when no victim impact evidence had been admitted. We find the convening authority erred by not providing Appellant the opportunity to rebut matters submitted by the victim under R.C.M. 1106A and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant pleaded guilty pursuant to a plea agreement and was convicted and sentenced on 4 March 2021. The victim of Appellant's offenses, Miss JA, an 8-year-old girl, did not personally participate in the presentencing proceedings, nor did her mother, Mrs. JA, the victim's representative designated under Article 6b, UCMJ, 10 U.S.C. § 806b.

On 10 March 2021, Appellant's defense counsel submitted a clemency request to the convening authority requesting that she disapprove confinement in excess of 364 days.[2] In his clemency request, Appellant's counsel explained

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] We note that under R.C.M. 1109(c)(2), the convening authority was not authorized to grant the clemency relief Appellant and his trial defense counsel requested.

the specific sentence reduction request was an attempt to reduce the time Appellant would have to remain on the sex offender registry.[3]

On 14 March 2021, Mrs. JA submitted matters pursuant to R.C.M. 1106A in which she argued against reducing Appellant's confinement. Mrs. JA contended Appellant's convictions and sentence "will never be enough to reverse the harm he caused [her] daughter" and that the community has a "right to protect [them]selves" by imposing sex offender registration laws. Mrs. JA submitted her matters to the staff judge advocate, who receipted for them and provided a copy to Appellant's trial defense counsel on 15 March 2021. The record does not contain a receipt from Appellant for the victim's matters submission. On 16 March 2021, the convening authority signed a Decision on Action memorandum in which she took no action on sentence, effectively approving the sentence as adjudged. In the Decision on Action memorandum, the convening authority stated she considered Appellant's submission of matters under R.C.M. 1106, but did not mention whether she had considered Mrs. JA's submission under R.C.M. 1106A.

Also on 16 March 2021, presumably after the convening authority transmitted her decision on action, the military judge entered judgment, including the sentence as initially adjudged. Appellant did not file a motion with the military judge alleging convening authority error, as permitted under R.C.M. 1104(b)(2).

On appeal, Appellant contends that he would have responded to Mrs. JA's submission of matters under R.C.M. 1106A prior to the convening authority's decision on action, had he been given the opportunity to do so that R.C.M. 1106(d)(3) requires. He argues he could have raised issues related to other offenders' prior criminal acts with Miss JA, perhaps explaining the absence of victim impact or minimizing the scope of impact from *his* offenses, relative to the impact of other offenders' actions. Appellant argues that though the type of relief he initially sought in his clemency request—reduction of confinement to a level that would allow him to avoid sex offender registration requirements—was not available to the convening authority, another form of clemency—restoring his rank—was available.

---

[3] Specifically, Appellant asserted that under the law in his home state of Missouri a sentence to confinement of less than one year would reduce from 25 years to 15 years the minimum length of time Appellant would be required to remain on the sex offender registry.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Because they are matters of law, we review de novo interpretations of statutes, *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted), and Rules for Courts-Martial, *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A).[4] A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2), Discussion (citation omitted).

"Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.) (quoting *United States v. Leal*, 44 M.J. 235, 237 (C.A.A.F. 1996)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Courts-Martial and preserves the actual and perceived fairness of the military justice system." *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007).

"R.C.M. 1104(b)(2)(B) [ ] provides that either party may file a post-trial motion within five days of receiving the convening authority's action to address an asserted error in the . . . action." *United States v. Miller*, 82 M.J. 204, 207

---

[4] R.C.M. 1109(d) has an apparent scrivener's codification error because it includes two paragraphs designated as paragraph "(3)." The first paragraph (3) addresses the convening authority's "Consideration of matters," while the second paragraph (3) addresses the "Timing" of the convening authority's action. All references in this opinion are to the first paragraph (d)(3) in R.C.M. 1109.

(C.A.A.F. 2022). "An accused's failure to file a post-trial motion within the allotted time forfeits his or her right to object to the accuracy of the convening authority's decision on action, absent plain error." *Id.* Specifically concerning post-trial rebuttal matters, the United States Court of Appeals for the Armed Forces (CAAF) requires "an appellant to demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (internal quotation marks and citation omitted). The CAAF further explained that "the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and 'we will not speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* at 323–24 (quoting *United States v. Jones*, 44 M.J. 242, 244 (C.A.A.F. 1996)). "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority for a new post-trial . . . action." *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).[5] This low threshold for material prejudice reflects the convening authority's entirely discretionary "power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such discretion." *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005) (citation omitted).

## B. Analysis

The record is clear that Appellant was not provided the five days that R.C.M. 1106(d)(3) requires to reply to matters submitted by the victim's representative before the convening authority's decision on action.[6] The Government

---

[5] Although the CAAF in *United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005), and *Wheelus* was interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, the CAAF has not indicated its jurisprudence regarding the appropriate standard for assessing post-trial processing error has changed. *See, e.g., United States v. Miller*, 82 M.J. 204, 208 (C.A.A.F. 2022) (applying the "some colorable showing of possible prejudice" standard to an asserted post-trial processing error) (citing *Scalo*, 60 M.J. at 436–37) (additional citation omitted).

[6] The version of Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 13.6.2. (18 Jan. 2019), in effect at the time of the post-trial processing in this case directed trial counsel to promptly serve post-sentencing matters under R.C.M. 1106A "on defense counsel to allow the accused an opportunity to provide rebuttal." We need not decide here whether service of Mrs. JA's matters on trial defense counsel, but apparently not on Appellant, sufficed to meet R.C.M. 1106A(c)(3)'s requirement that R.C.M. 1106A matters must be "provided to the accused as soon as practicable." Even if service only on trial defense counsel suffices under the Rule, Appellant was not provided the required five days to submit matters in rebuttal. R.C.M. 1106(d)(3).

concedes this was error. Mrs. JA's R.C.M. 1106A submission contained new victim information not previously presented at trial or otherwise. Not affording Appellant an opportunity to respond to the victim's submission under R.C.M. 1106A was not simply error, but a violation of Appellant's most basic due process rights under the Rules for Courts-Martial. *See Bartlett*, 64 M.J. at 649; *United States v. Kim*, No. ACM 40057, 2022 CCA LEXIS 276, *7 (A.F. Ct. Crim. App. 9 May 2022) (unpub. op.); *United States v. Halter*, No. ACM S32666, 2022 CCA LEXIS 9, at *8 (A.F. Ct. Crim. App. 9 Jan. 2022) (unpub. op.).[7]

By articulating what Appellant would have submitted in response to Mrs. JA's submission—that the impact of Appellant's actions was less significant due to the preexisting impact others' criminal actions had already had on the victim—Appellant has demonstrated "what, if anything, would have been submitted to deny, counter, or explain the new matter." *Chatman*, 46 M.J. at 323. We will not speculate as to the likely efficacy of such an approach, nor what the convening authority may have done differently, if anything. *Id.* Though the relief Appellant initially requested—reduction of his sentence to confinement—was not something the convening authority was authorized to grant under R.C.M. 1109, the convening authority was authorized to grant different relief: she could have reduced, commuted, or suspended, in whole or in part, the adjudged reduction in pay grade. Again, we will not speculate as to what the convening authority may have done under the circumstances of not being able to provide the relief Appellant requested, but having another avenue of relief available to her. *Id.*

In this case, "some colorable showing of possible prejudice" is demonstrated because the R.C.M. 1106A submission contained new information, Appellant has articulated how he would have responded to the victim's submission had he been given the required opportunity, that his response would have been

---

[7] Indeed, notice and an opportunity to be heard are the minimum bedrock of due process rights under the United States Constitution. *See, e.g., Goss v. Lopez,* 419 U.S. 565 (1975) ("Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.") (quoting *Baldwin v. Hale*, 68 U.S. 233 (1864)); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause[, U.S. CONST. amend. XIV, § 1,] but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."); *Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.") (citations omitted).

different from his initial clemency submission, and the convening authority could have granted some clemency relief.[8]

We conclude the relief warranted in this case is to provide Appellant with what he is entitled to: the right to be served with Mrs. JA's submission of matters, and the opportunity to submit rebuttal matters for the convening authority's consideration before deciding whether to grant Appellant sentence relief.

## III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant being afforded five days to submit a rebuttal to Mrs. JA's submission of matters.

Our remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this opinion, specifically affording Appellant the opportunity to respond to victim matters submitted under R.C.M. 1106A before the convening authority takes action;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and

(3) Correct or modify the entry of judgment.

---

[8] Mrs. JA submitted matters pursuant to R.C.M. 1106A on behalf of her minor daughter, the victim. The record is silent as to whether the convening authority actually considered these matters before making her decision on action. The fact that the convening authority's decision on action expressly states she considered Appellant's submission of matters under R.C.M. 1106, but does not state that she considered victim's submission of matters under R.C.M. 1106A, at least suggests she did not consider Mrs. JA's submission, which would itself be error. R.C.M. 1109(d)(3)(A). We are remanding this case because of the convening authority's failure to provide Appellant the required opportunity to rebut Mrs. JA's submission. Accordingly, we need not address here other potential issues related to the convening authority's consideration of Mrs. JA's matters, including what evidence, if any, is necessary to demonstrate the convening authority complied with R.C.M. 1109(d)(3)(A), what standard of review should apply to a convening authority's failure to afford a victim their rights under R.C.M. 1106A and R.C.M. 1109(d)(3)(A), or what remedies might be available and appropriate. We do note that R.C.M. 1106A and R.C.M. 1109(d)(3)(A) establish non-discretionary victim's rights.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court